United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-50373
Summary Calendar

UNITED STATES OF AMERICA,

                                                                Plaintiff-

Appellee,

versus

MANUEL MARTINEZ-DAVILA,

                                                                Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1883-ALL-PRM
-------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Martinez-Davila (Martinez) appeals his conviction, following a jury trial, for conspiracy to import and distribute over 1000 kilograms of marijuana. Martinez first argues that the district court erred by refusing to give the jury instruction on duress that he had requested.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duress is a form of an affirmative defense. *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). Before the defense may be presented to the jury, a defendant must present evidence of each of the following four elements: (1) that the defendant or a member of his family "was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious body injury"; (2) that he "had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct"; (3) that he "had no reasonable legal alternative to violating the law," that is, no chance "to refuse to do the criminal act and . . . to avoid the threatened harm"; and (4) that there was "a direct causal relationship . . . between the criminal action taken and the avoidance of the threatened harm." *Id.* (internal quotation marks, citation, and brackets omitted); *United States v. Liu*, 960 F.2d 449, 454 (5th Cir. 1992) (noting that the defense extends to threats involving family members).

We review a district court's refusal to submit a requested instruction on duress for an abuse of discretion. *Posada-Rios*, 158 F.3d at 875. A present, imminent, or impending threat "only arises if there is a real emergency leaving no time to pursue any legal alternative." *Id.* at 874. It thus requires proof of "absolute and uncontrollable necessity." *Id.* at 874 & n.20. Martinez argues that the district court incorrectly required that he establish the imminent-threat element by a preponderance of the evidence. He argues that "[t]he question was not whether, in the district court's view, duress had been proved by a preponderance. Rather, the question was whether there was sufficient evidence to let the jury decide whether it had."

The evidentiary foundation required for an instruction on an affirmative defense is whether the evidence presented in support of the instruction is "sufficient for a reasonable jury to rule in favor of the defendant on that theory." *United States v. Stone*, 960 F.2d 426, 432 (5th Cir. 1992) (internal

quotation marks and citation omitted); *see also United States v. Branch*, 91 F.3d 699, 713 (5th Cir. 1996) (addressing the quantum of evidence required to warrant an instruction on self-defense). The jury could not have ruled in favor of Martinez on the issue of duress unless he proved each element of the defense by a preponderance of the evidence. *See United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994). However, even if we were to accept Martinez's argument that the court need only find that the evidence was "sufficient" to require a duress instruction, Martinez has made no such showing. Martinez failed to set forth objective evidence of an immediate threat to either his safety or the safety of his family. *See Posada-Rios*, 158 F.3d at 873-75. Accordingly, we find that the district court did not abuse its discretion by refusing to give the jury an instruction on duress. *Id.*

Martinez also argues that the district court abused its discretion by refusing to dismiss Juror #1 for bias based on the juror's reporting that he knew Martinez's employer. Martinez asserts that although he never directly implicated his employer in the drug conspiracy, "that view could be reasonably inferred from [the] evidence."

The Sixth and Fourteenth Amendments guarantee the right to a trial by an impartial jury. *United States v. Hinojosa*, 958 F.2d 624, 631 (5th Cir. 1992). Because a trial judge has the "acknowledged advantage" of observing the demeanor and credibility of jurors, we grant "broad discretion to the trial judge in making determinations of impartiality and will not interfere with such decisions absent a clear abuse of discretion." *Id.*

Martinez never implicated his employer in the conspiracy. Moreover, the district court personally questioned the juror regarding his impartiality and assessed the credibility of the juror's responses. The juror's "candor on the subject" bolsters his later assertions that he would be impartial. *See Hinojosa*, 958 F.2d at 631. The district court did not abuse its discretion in denying the motion to strike the juror. *See id.*

AFFIRMED.